**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| LONDON BALBOSA,<br><br>Plaintiff,<br><br>v.<br><br>GOODWILL INDUSTRIES OF SOUTHERN RIVERS,<br><br>Defendant. | : | Case No. 4:26-cv-1025-CDL-AGH |

# ORDER

Before the Court are Plaintiff's Emergency Motion to Seal the Record, or in the Alternative, to Proceed Under a Pseudonym, and Notice of Intent to File a Voluntary Dismissal Without Prejudice Following the Court's Ruling (Motion to Seal) (ECF No. 6) and motions to proceed *in forma pauperis* (IFP) (ECF Nos. 2, 7). Based on the following, the Court grants Plaintiff's IFP motions but denies his Motion to Seal.

## I. Motion to Seal

Plaintiff moves for an emergency order sealing the record in this action, or alternatively, permitting Plaintiff to proceed under a pseudonym. Mot. to Seal, ECF No. 6. Plaintiff contends he is now experiencing "significant deterioration in mental health" as he did not realize the case would be public. *Id.* at 1-2. He also notes he "has verified evidence of continued stalking by the defendant's C-suite employee" and emphasizes that executive leadership knew who his family was and referenced them on a few occasions. *Id.* at 2-3. Plaintiff is concerned he may suffer retaliation,

reputational harm, cyber harassment, unwanted attention, public identification, and family exposure, emphasizing that a former executive of Defendant has been a Columbus, Georgia public official. *Id.* at 3. He also asserts he plans to voluntarily dismiss the action without prejudice after the Court rules on his Motion to Seal, asking the Court to expedite its consideration. *Id.* at 4.

The Federal Rules require that "every pleading" filed in federal court "must name all the parties[.]" Fed. R. Civ. P. 10(a). This protects defendants' "right to know who their accusers are," preventing "embarrassment or fundamental unfairness." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (citation omitted). However, a plaintiff may proceed anonymously if he or she establishes "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (quotations and citation omitted). But this is a "narrow exception" applicable "only in 'exceptional case[s]." *Id.* (quotations and citation omitted). Courts within the Eleventh Circuit must consider six factors when deciding whether to allow a plaintiff to proceed anonymously:

> (1) whether the plaintiff is challenging government activity; (2) whether the plaintiff will be required to disclose information of the utmost intimacy; (3) whether the plaintiff will be required to admit the intention to engage in illegal activity; (4) whether the plaintiff is a minor; (5) whether the plaintiff was threatened with physical harm by proceeding in [his] own name; and (6) whether anonymity poses a unique threat of fundamental unfairness to the defendant.

*Doe v. Apple, Inc.*, No. 3:26-cv-4937-TKW-HTC, 2026 WL 2428753, at *1 (N.D. Fla. Aug. 19, 2026) (citation omitted). Courts should "review *all* the circumstances of a

given case [before] decid[ing] whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Plaintiff B*, 631 F.3d at 1316 (quotations and citation omitted). Here, it does not appear there would be a unique threat of fundamental unfairness to Defendant, but Plaintiff is not challenging government activity, will not be required to admit the intention to engage in illegal activity, is not a minor, and has not been threatened with physical harm.[1]

Thus, the remaining factor to be considered is "whether the plaintiff will be required to disclose information of the utmost intimacy[.]" *Apple, Inc.*, 2026 WL 2428753, at *1 (citation omitted). "[C]ourts have often denied the protection of anonymity in" situations many people would consider intimate, including "where plaintiffs allege sexual assault, even when revealing [a] plaintiff's identity [could] cause [him or] her to suffer some personal embarrassment." *Plaintiff B*, 631 F.3d at 1316 (quotations and citations omitted). Plaintiff has not made these types of allegations, and while he alleges that he was sexually harassed by one of Defendant's employees, courts "have refused requests to proceed anonymously in actions involving . . . sexual harassment under Title VII[.]" *Does v. Swearingen*, No. 6:28-cv-1731-Orl-41LRH, 2019 WL 4386936, at *2 (M.D. Fla. Sept. 13, 2019) (quotations and citation

[1] While Plaintiff mentions he has evidence of continued stalking by Mitch Grossman, an employee of Defendant, Plaintiff provides no such evidence or a restraining order. Mot. to Seal 2; Compl. Attach. 1, at 14, ECF No. 1-1. Further, Plaintiff makes no statements showing Grossman may physically harm him. Mot. to Seal 2; Compl. Attach. 1, at 14. The Court will not allow Plaintiff to proceed anonymously or seal the case based on vague stalking allegations. Compl. Attach. 1, at 14 (alleging Mr. Grossman goes to the same gym as Plaintiff). Plaintiff's statements regarding his family are also vague and do not show they are subject to any specific or real danger. Mot. to Seal 2-3; *see Doe v. City of Vero Beach*, No. 2:19-cv-14212-ROSENBERG/MAYNARD, 2019 WL 4277045, at *3 (S.D. Fla. Sept. 10, 2019) (finding conclusory statement that a plaintiff or his family may be subject to physical harm is insufficient to establish a state of danger to support proceeding anonymously).

omitted); Compl. Attach. 1, at 1, 13-15, ECF No. 1-1 (alleging claims involving sexual harassment and Title VII). Plaintiff's alleged attention deficit/hyperactive disorder (ADHD), Compl. Attach. 1, at 1, 16-17, also does not justify anonymity or sealing of the record as "the fact information about a litigant's mental health may be revealed, without more, does not permit a party to proceed anonymously." *Doe v. Garland*, 341 F.R.D. 116, 118 (S.D. Ga. 2021) (citations omitted); *see Doe v. Univ. of Miami (Miller Sch. of Med.)*, No. 12-cv-23933-CIV-KING, 2012 WL 12960871, at *2 (S.D. Fla. Nov. 28, 2012) (denying a motion to proceed anonymously based on plaintiff's ADHD).

Even Plaintiff's mention of his sexuality being a reason for his unfair treatment is not enough to require special privacy protections. Compl. Attach. 1, at 1, 3-4, 14, 19. While "parties have been permitted to proceed anonymously in cases involving . . . homosexuality . . . due to the social stigma associated with [such a] disclosure[,]" *Tessa G. v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, No. 24-cv-11764, 2025 WL 1342339, at *4 (11th Cir. May 8, 2025), this has happened typically "in situations where the sexual conduct was illegal or the facts exposing the party's sexuality were graphic." *D.W. v. Grindr, LLC*, No. 8:25-cv-1260-TPB-AEP, 2025 WL 1786357, at *3 (M.D. Fla. June 27, 2025) (citations omitted). The complaint here does not involve such information, and Plaintiff does not state that he wishes for his sexuality to be kept secret. Compl. Attach. 1, at 1, 3-4, 14, 19.

Plaintiff's concerns regarding "community familiarity [and] public identification" that might result, especially since one of Defendant's prior executives has been a public official, also do not justify giving Plaintiff special protections. Mot.

to Seal 3; *see Univ. of Miami*, 2012 WL 12960871, at *2 ("Risk of embarrassment or even diminished job prospects are not sufficient to outweigh the presumption of openness in judicial proceedings."). Thus, as Plaintiff has failed to allege any facts that warrant special protection, "[w]hile the Court is sympathetic to Plaintiff's fears of stigmatization, humiliation, and embarrassment, such concerns are insufficient to outweigh the interest in proceeding publicly." *Doe v. Directions for Mental Health, Inc.*, No. 8:24-cv-2530-WFJ-LSG, 2025 WL 744263, at *2 (M.D. Fla. Mar. 7, 2025) (citations omitted).

As Plaintiff has not shown that he should be allowed to proceed anonymously, the Court also finds he should not be allowed to have the record sealed. *See Doe v. Samford Univ.*, No. 2:21-cv-871-ACA, 2021 WL 3403517, at *3 (N.D. Ala. July 30, 2021) (denying request to seal entire record even when case might disclose "Title IX proceedings, private information about Jane Roe, and information protected by the Family Educational Rights and Privacy Act, . . . especially because the complaint and various exhibits have been publicly available in this case for over a month already"). Any mental stress Plaintiff currently has regarding this case may simply be addressed, as Plaintiff proposes, by Plaintiff dismissing the case. Mot. to Seal 1.

## II. Motions to Proceed IFP

In his first IFP motion, Plaintiff reported having no income or assets (ECF No. 2). As Plaintiff did not reveal how he was able to subsist, the Court found his motion implausible and ordered him to recast. Order, July 22, 2026, ECF No. 4. Plaintiff's new IFP motion states that, while he has no income, he uses SNAP for groceries and

relies on his mother for his other needs (ECF No. 7). The Court finds Plaintiff has now believably established that he is indigent and thus grants his IFP motions. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining 28 U.S.C § 1915(a)(1) "applies to all persons requesting leave to proceed IFP").

Once a court grants a plaintiff's motion for leave to proceed IFP, the Court must conduct a preliminary screening under 28 U.S.C. § 1915(e)(2). 28 U.S.C. § 1915(e)(2) requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). As Plaintiff intends to voluntarily dismiss his case, the Court will not conduct a preliminary screening at this time. Should it become apparent that Plaintiff is not dismissing his case, the Court will *sua sponte* conduct a preliminary screening at that time.

**CONCLUSION**

As discussed above, Plaintiff's IFP motions (ECF Nos. 2, 7) are **GRANTED**,[2] but Plaintiff's Motion to Seal (ECF No. 6) is **DENIED**.

**SO ORDERED**, this 28th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

[2] Plaintiff should note that proceeding IFP "does not exempt litigants from the costs of copying and filing documents; service of documents other than the complaints; costs; expert witness fees; or sanctions." *Thomas v. Governor's Off.*, 7:22-CV-112 (WLS), 2023 WL 12239340, at *1 (M.D. Ga. Aug. 21, 2023) (citations omitted).